FILED
JUN 17 2025
CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____ CL
                  DEPUTY

UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| SCOTT PHILLIP LEWIS, §<br>*Plaintiff*, §<br>§<br>v. §<br>§<br>Germer Beaman & Brown, PLLC, Ben §<br>Zinnecker, Eric Hudson, Evan Weltge, §<br>James Byron Hicks §<br>*Defendant.* § | ORIGINAL COMPLAINT<br><br>JURY TRIAL DEMANDED<br><br>1:25CV00961 ADA |

## PLAINTIFF'S ORIGINAL COMPLAINT

NOW COMES PLAINTIFF, Scott Phillip Lewis, and files Plaintiff's Original Complaint. Plaintiff files this 42 USC § 1985 lawsuit for cause of action will show the following:

### I. PARTIES

1. Plaintiff is Scott Phillip Lewis ("Plaintiff"), an individual and citizen of the United States of America.

2. Defendant #1 is Germer Beaman & Brown, PLLC, a law firm located in Austin, Texas who, upon information and belief, has contracted with Williamson County, Texas for legal services.

3. Defendant #2 is Ben Zinnecker is, upon information and belief, an attorney employed by Williamson County, Texas Germer Beaman & Brown, PLLC.

4. Defendant #3 is Eric Hudson, upon information and belief, an attorney formerly employed by the State of Texas while representing Williamson County, Texas.

5. Defendant #4 is Evan Weltge is, upon information and belief, an attorney formerly employed by Williamson County, Texas Germer Beaman & Brown, PLLC.

6. Defendant #5 is James Byron Hicks is, upon information and belief, an attorney employed by

Williamson County, Texas Germer Beaman & Brown, PLLC. Together all Defendants are referred to as "Defendants."

## II. JURISDICTION AND VENUE

7. Jurisdiction is appropriate pursuant to 28 USC § 1331.

8. Venue is appropriate in the Austin Division in the Western District of Texas pursuant to 28 USC § 1391 because Defendant Germer Beaman & Brown, PLLC's primary place of business is located in this judicial district.

## III. FACTUAL ALLEGATIONS

9. I was involved in a hit and run accident in 2015 in which I was left out of the accident report. I have filed a lawsuit in Travis county District Court over the cover-up.

10. In 2019, I was arrested on the television show "LivePD" where manipulated and edited portions of the arrest were broadcast without consent. Subsequently, my shoulder was broken in Williamson County Jail by staff after suffering an anxiety attack upon learning of the unconstitutional arrest and broadcast.

11. In March 2019, Javier Ambler was tased to death for not dimming his headlights as "LivePD" cameras were present. Williamson County Sheriff's Office had become hypnotized with the idea of money and fame, prioritizing profit, ratings and entertainment over their duties of law enforcement.

12. Ex-sheriff of Williamson County Robert Chody and general counsel Jason Nassour have yet to face accountability in their felony tampering with evidence charges related to Javier Ambler's murder.

13. I filed a lawsuit through counsel on January 25, 2021.

14. Since the arrest on January 25, 2019, Williamson County has engaged in efforts to sweep

all misconduct under the rug and pretend it did not happen.

15. Evidence and raw footage from the events on January 25, 2019, both during the arrest and in the jail has never made the public sphere, despite my intentions to do just that.

16. This, however, is exactly the goal of the perpetrators involved with "LivePD."

17. Those involved with "LivePD" are engaged in a cover-up, which is continuing at this time. This is precisely why Robert Chody and Jason Nassour have yet to go to trial six years after Javier Ambler's murder.

18. In other words, Williamson County, Texas and others wishing to hide from transparency, truth and public scrutiny have ill-intentions to delay, deflect and do anything in between to avoid responsibility.

19. Defendants have schemed to help Williamson County, Texas achieve its goals.

20. This is not a situation where attorneys are protecting the interests of their clients.

21. Here, Defendants have engaged in an attempt to bypass Federal Rules of Civil Procedure, lied to the courts and delayed justice. In their doings, Defendants have engaged in a conspiracy to violate my Fifth Amendment rights pursuant to 42 USC 1985.

22. Upon information and belief, Ben Zinnecker and I had communicated previously when I was an employee at optionsXpress and Charles Schwab and he was a client.

23. Upon information and belief, Eric Hudson was employed by the State of Texas and Ken Paxton's Attorney General Office while representing Williamson County, Texas, and not Germer Beaman & Brown PLLC as communicated to the court.

24. Defendant's goal was to sidestep my constitutional rights and create "lawfare"; a term that can be used to describe Defendant's tactics of delaying and disrupting a legal opponent's life financially and emotionally, often through unconstitutional or unlawful

measures or smear campaigns.

25. This is a situation where "big fish" with money, power, fame or a combination of all three have exerted their influence unconstitutionally over "the little guy."

26. Defendants, representing a county which contracted with "Big Fish Entertainment" to broadcast "LivePD," have conspired to violate my rights to further a malicious attempt to hide the truth about Javier Ambler's murder, my broken shoulder from an in-jail assault and other misconduct.

## IV. CLAIMS

27. I hereby incorporate all preceding paragraphs as fully stated here within.

28. Rule 26 of Federal Rules of Civil Procedure is imperative to a fair and transparent discovery process. Rule 26(f) is a requirement. A 26(f) conference has never been completed for the lawsuit filed on January 25, 2021.

29. It took four (4) attorneys to get to trial for the driving while intoxicated charge related to the "LivePD" arrest. A pattern had developed. Initially, the attorneys would seem to have my best interest. At some point, I would be gaslit. I would be told things that I knew were not true. I would become frustrated that the attorneys I hired were not performing the work they said they would. Then, the attorneys would withdraw from the case, blaming me for their reasons for withdrawal. Legal malpractice lawsuits have been filed against all law firms involved.

30. After attorneys I thought had my best interest continued to lie to me after being hired, I began to have suspicion that the attorneys could be compromised by outside forces, possibly by bribery, who had the interests of protecting Williamson County, Texas and those involved with "LivePD.". What else could explain the pattern of legal malpractice

occurring? Is it possible the attorneys I hired for $3,000 or less could be compromised by individuals and entities with much more money than me? Those were the questions I began asking myself.

31. At trial over three years later in April 2022, the driving while intoxicated charges were dismissed for insufficient evidence. Still, the evidence from the arrest and jail were not brought to the public. The State of Texas dismissed charges before any video evidence was shown. The proceedings were dragged out as long as the State of Texas could, ultimately dismissing the charges after I would not budge on wishing to exercise my god-given constitutional rights to a fair and speedy jury trial.

32. Creating a false narrative while hiding evidence from the public is what State of Texas' Ken Paxton will be remembered for. That is his legacy he continues to build today.

33. While the State of Texas was attempting to prosecute me for driving while intoxicated charges, they were engaged in prosecuting me in the "court of public opinion" as well. Avoiding showing evidence to the public while maintaining a perception they were doing the right thing is what the State of Texas has done. Defendant, Williamson County, Texas, those involved with "LivePD" and the State of Texas' goal was to diminish my credibility to protect their lies.

34. In order to pull off such a cavalier and unconstitutional maneuver, attorneys willing to conspire to violate constitutional rights of those they perceive to be stupid, weak or incompetent is required. This is where Defendants come into play.

35. Defendants have used their perceived power to undermine the Federal Rules of Civil Procedure in order to create a situation in which a discovery plan is avoided, but the appearance of having legitimate legal proceedings is preserved. That is what happened in

case number 1:21-cv-00074 in the Western District of Texas.

36. This is very simple. The mandatory Rule 26(f) conference had never taken place. This was done deliberately to avoid discovery. A meeting of the minds occurred by those at Germer Beaman & Brown, Williamson County, Texas and the State of Texas to violate my Fifth Amendment rights to Due Process by avoiding the requirements of Rule 26(f).

37. Previous counsel Chris Osborn, who filed the original complaint, did not provide any indication a Rule 26(f) conference took place. This is because it never occurred.

38. James Byron Hicks was purportedly the individual representing Williamson County, Texas who attended a pre-trial conference on or around November 2021. Mr. Hicks is no longer employed by Germer Beaman & Brown, PLLC. A phone call with Mr. Hicks revealed that all his documents and files were seized by the firm upon leaving. He could not say definitively that a Rule 26(f) conference had occurred. This is because it has not.

39. By conspiring to avoid the requirements of the Federal Rules of Civil Procedure, my Fifth Amendment right to Due Process has been violated. Defendants thought I was a "drunk" or an otherwise impaired individual who would not be able to take action for the constitutional violations. The conspiracy was to avoid a 26(f) conference while pretending that it had actually occurred to the public. Defendants have continued the conspiracy by failing to provide any information to the court regarding *when* or *who* attended this fake 26(f) conference. By stating a 26(f) conference had occurred, the lawsuit would be dismissed, and my credibility would suffer. I have been injured by the deliberate conspiracy to violate my rights. This is a violation under 42 USC § 1985.

## V. DAMAGES

40. Plaintiff suffered and claims the following damages:

### Actual Damages

- Past and future mental anguish
- Past and future mental impairment
- Past and future medical expenses
- Past and future loss of earning capacity
- Past and future physical suffering
- Past and future financial damages

## VI. JURY DEMAND

41. Plaintiff respectfully requests jury trial pursuant to FED. R. CIV. P. 48

## VII. PRAYER FOR RELIEF

42. Accordingly, Plaintiff requests that judgment be awarded against Defendants

(1) Compensatory damages;

(2) Punitive or exemplary damages;

(3) Costs of Court;

(4) Prejudgment and postjudgment interest at the highest rate allowable under law;

(5) Unliquidated damages at the highest amount that is within the jurisdictional limits of the court;

(6) And all over relief to which Plaintiff is justly entitled.

Respectfully submitted,
/s/Scott Phillip Lewis
Scott Phillip Lewis
1936 Saranac Ave. #3, PMB 411
Lake Placid, NY 12946
315-590-2998
scottphilliplewis@gmail.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on June 13, 2025.
/s/Scott Phillip Lewis